UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES INC. ET AL.,<br><br>Defendants. | CASE NO. 2:24-cv-01383<br><br>ORDER |

The Court has reviewed Defendant Fred Meyer Stores, Inc. DBA Quality Food Centers' Notice of Removal of Action (Dkt. # 1) and concludes that it does not establish subject matter jurisdiction over this action. Fred Meyer asserts that the Court's jurisdiction is based on diversity of citizenship. Dkt. # 1 at 2. In assessing diversity jurisdiction, "[t]he general rule . . . is that in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal quotation marks and citation omitted). Fred Meyer asserts that the Court has diversity jurisdiction because Fred Meyer Stores is a subsidiary of Kroger Co., which is organized under Ohio law. Dkt. # 1 at 2; *see also* Dkt. ## 5, 8. Fred Meyer does not identify its state of incorporation or principal place of business.

ORDER - 1

Absent identification of Fred Meyer's state of incorporation or principal place of business, Defendants have not established diversity jurisdiction.

Accordingly, the Court ORDERS Fred Meyer to show cause why this case should not be dismissed for lack of subject matter jurisdiction and remanded. If Fred Meyer fails to provide the Court with the information described above within seven (7) days of this order, the case will be remanded to the King County Superior Court of Washington State.

Dated this 16th day of September, 2024.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 2